UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LINDA STEPPS, et. al,

      Plaintiffs,

and                                CASE NO.: 3:13-CV-322-25JRK

ALLIED VETERANS OF THE WORLD
AND AFFILIATES, INC., et. al

**DEFENDANT KELLY MATHIS' ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

      Defendant, Kelly Mathis, Esquire, hereby answers the Class Action Complaint as follows:

1.     The allegations of paragraph 1 are denied.

2.     The allegations of paragraph 2 are denied.

3.     The allegations of paragraph 3 are denied.

4.     The allegations of paragraph 4 are denied.

5.     The allegations of paragraph 5 are denied.

6.     The allegations of paragraph 6 are admitted for jurisdictional purposes only.

7.     As to the allegations of paragraph 7 it is admitted that defendants Mathis and Bass reside in this district and are subject to personal jurisdiction in this district.  It is further admitted that an entity known as Allied Veterans of the

World, Inc. & Affiliates[1] maintains its principal location in this district. The remaining allegations of paragraph 7 are denied.

8.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 8.

9.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 9.

10.    Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 10.

11.    As to the allegations of paragraph 11, defendant Mathis admits that Allied Veterans is a section 501(c)(19) nonprofit veterans group. It is further admitted that certain affiliated organizations operated under the auspices of Allied Veterans and that certain of these affiliates were thereafter administratively dissolved.[2] The remaining allegations of paragraph 11 are denied.

12.    Defendant Mathis admits that certain documents filed with the Florida Secretary of State indicate the principal location of Allied Veterans is 1965

---

[1] Defendant Mathis assumes that the misnamed reference to "Allied Veterans of the World, Inc." as well as references to "Allied Veterans" or "AVW" are intended to be references to the entity known as Allied Veterans of the World, Inc. & Affiliates and is simply misnamed due to typographical or other error made in plaintiffs' counsel's haste in filing the instant litigation. Defendant Mathis will hereafter refer to Allied Veterans of the World, Inc. & Affiliates as "Allied Veterans."

[2] Defendant Mathis assumes that Plaintiffs' counsel is referencing entities such as Allied Veterans of the World, Inc.: Affiliate 31 and others which will hereinafter be identified as "Allied Veterans Affiliates."

State Road 16, St. Augustine, FL 32084.  It is further admitted that defendant
Kelly B. Mathis, Esquire has served as its registered agent.

13.    Defendant Mathis admits that Allied Veterans Management Group, Inc. is a
       Florida corporation but is without knowledge as to the remaining allegations of
       paragraph 13.

14.    The allegations of paragraph 14 are denied.

15.    The allegations of paragraph 15 are admitted.

16.    Defendant Mathis admits that he is sui juris.  The remaining allegations of
       paragraph 16 are denied.

17.    Defendant Mathis admits that defendant Hessong is sui juris and that he was, at
       times, a director of the Allied Veterans Affiliates, some of which have been
       administratively dissolved.  The remaining allegations of paragraph 17 are
       denied.

18.    Defendant Mathis admits that defendant Davis is sui juris and that he was, at
       times, a director of the Allied Veterans Affiliates, some of which have been
       administratively dissolved.  The remaining allegations of paragraph 18 are
       denied.

19.    The allegations of paragraph 19 are admitted.

20.    As to the allegations of paragraph 20 defendant Mathis admits that defendant
       Bass is sui juris and served as the National Commander of Allied Veterans and
       was, at times, a director of Allied Veterans Affiliates, some of which have been
       administratively dissolved.

21.    Defendant Mathis admits that defendant Burns is sui juris but is without

knowledge as to the remaining allegations of paragraph 21.

22.    Defendant Mathis is without knowledge as to the allegations of paragraph 22.

23.    The allegations of paragraph 23 are denied.

24.    The allegations of paragraph 24 are denied.

25.    The allegations of paragraph 25 are denied.

26.    The allegations of paragraph 26 are denied.

27.    The allegations of paragraph 27 are denied.

28.    The allegations of paragraph 28 are denied.

29.    The allegations of paragraph 29 are denied.

30.    The allegations of paragraph 30 are denied.

31.    The allegations of paragraph 31 are denied.

32.    The allegations of paragraph 32 are denied.

33.    The allegations of paragraph 33 are denied.

34.    The allegations of paragraph 34 are denied.

35.    The allegations of paragraph 35 are denied.

36.    The allegations of paragraph 36 are denied.

37.    The allegations of paragraph 37 are denied.

38.    The allegations of paragraph 38 are denied.

39.    The allegations of paragraph 39 are denied.

40.    The allegations of paragraph 40 are denied.

41.    The allegations of paragraph 41 are denied.

42.     The allegations of paragraph 42 are denied.

43.     The allegations of paragraph 43 are denied.

44.     The allegations of paragraph 44 are denied.

45.     The allegations of paragraph 45 are denied.

46.     The allegations of paragraph 46 are denied.

47.     The allegations of paragraph 47 are denied.

48.     The allegations of paragraph 48 are denied.

49.     The allegations of paragraph 49 are denied.

50.     The allegations of paragraph 50 are denied.

51.     The allegations of paragraph 51 are denied.

52.     The allegations of paragraph 52 are denied.

53.     The allegations of paragraph 53 are denied.

54.     The allegations of paragraph 54 are denied.

55.     The allegations of paragraph 55 are denied.

56.     The allegations of paragraph 56 are denied.

57.     The allegations of paragraph 57 are denied.

58.     The allegations of paragraph 58 are denied.

59.     The allegations of paragraph 59 are denied.

60.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 60.

61.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 61.

62. Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 62.

63. The allegations of paragraph 63 are denied.

64. Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 64.

65. Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 65.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 71.

72. The allegations of paragraph 72 are denied.

73. Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 73.

74. Defendant Mathis admits that the computer terminals that displayed the sweepstakes at the Affiliates of Allied Veterans did not allow customers to use any form of skill to control the outcome. Defendant is without knowledge of, and therefore denies, the remaining allegations of paragraph 74.

75.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 75.

76.     Defendant Mathis admits that prizes were not dispensed at computer terminals at Allied Veteran affiliate locations and that prize money was awarded in cash. Defendant Mathis is without knowledge of, and therefore denies, the remaining allegations of paragraph 76.

77.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 77.

78.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 78.

79.     The allegations of paragraph 79 are denied.

80.     The allegations of paragraph 80 are denied.

81.     Defendant Mathis admits that Allied Veterans and Allied Veterans Affiliates utilized the word "veteran" in their name. Defendant Mathis asserts that the Warrant speaks for itself. The remaining allegations of paragraph 81 are denied.

82.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 82.

83.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 83.

84.     The allegations of paragraph 84 are denied.

85.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 85.

86.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 86.

87.     The allegations of paragraph 87 are denied.

88.     The allegations of paragraph 88 are denied.

89.     The allegations of paragraph 89 are denied.

90.     The allegations of paragraph 90 are denied.

91.     As to the allegations of paragraph 91, defendant Mathis admits that Allied Veterans has claimed that the customers need only reveal the entries to find out whether one or more of the entries were a winner. Defendant Mathis is without knowledge of, and therefore denies, the remaining allegations of paragraph 91.

92.     Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 92.

93.     Defendant Mathis admits that Allied Veterans has claimed that each entry is a predefined winner or non-winner and that the game simulations merely provide an entertaining element of suspense. Defendant Mathis further admits that AVW has claimed that customers do not know whether they hold one or more winning entries until the terminal displays the result. The remaining allegations of paragraph 93 are denied.

94.   Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 94.

95.   Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 95.

96.   Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 96.

97.   In response to paragraph 97, Defendant Mathis repeats and realleges his answers to paragraphs 1 through 96 above as if fully set forth herein.

98.   The allegation of paragraph 98 is admitted for jurisdiction purposes only.

99.   The allegations of paragraph 99 are denied.

100.  The allegations of paragraph 100 are denied.

101.  Defendant Mathis is without knowledge of, and therefore denies, the allegations of paragraph 96.

102.  The allegations of paragraph 102 are denied.

103.  The allegations of paragraph 103 are admitted.

104.  The allegations of paragraph 104 are denied.

105.  The allegations of paragraph 105 are denied.

106.  The allegations of paragraph 106 are denied.  Defendant Mathis hereby asserts his claim for attorneys' fees and court costs upon prevailing on this FDUTPA claim.

107.  In response to paragraph 107, Defendant Mathis repeats and realleges his responses to paragraphs 1 through 96 above as if fully set forth herein.

108.   The allegations of paragraph 108 are denied.

109.   The allegations of paragraph 109 are denied.

110.   The allegations of paragraph 110 are denied.

111.   The allegations of paragraph 111 are denied.

112.   In response to paragraph 112, Defendant Mathis repeats and realleges his responses to paragraphs 1 through 96 above as if fully set forth herein.

113.   The allegations of paragraph 113 are admitted.

114.   The allegations of paragraph 114 are denied.

115.   The allegations of paragraph 115 are denied.

116.   The allegations of paragraph 116 are denied.

117.   The allegations of paragraph 117 are denied.

118.   The allegations of paragraph 118 are denied.

119.   The allegations of paragraph 119 are denied.

120.   The allegations of paragraph 120 are denied.

121.   The allegations of paragraph 121 are denied.

122.   The allegations of paragraph 122 are denied.

123.   In response to paragraph 123, Defendant Mathis repeats and realleges his responses to paragraphs 1 through 96 above as if fully set forth herein.

124.   The allegations of paragraph 124 are denied.

125.   The allegations of paragraph 125 are denied.

126.   The allegations of paragraph 126 are denied

127. – 137.      None of the allegations in these paragraphs relate to Defendant Mathis and therefore Mathis makes no response to same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' complaint fails to state a claim against Defendant Mathis upon which relief can be properly granted.

### Second Affirmative Defense

Plaintiffs have not suffered any actual damages or economic loss as a proximate result of any conduct by Defendant Mathis.

### Third Affirmative Defense

Any alleged misstatements as to the percentage of revenues being donated to charity or veterans' causes were not a proximate cause of any actual damage or economic loss to plaintiffs.

### Fourth Affirmative Defense

Plaintiffs patronized defendants' internet café businesses as a proximate result of their desire to obtain the economic benefits offered to them, to wit: internet time combined with opportunity to possibly obtain prize money from the sweepstakes program.   Plaintiffs received the promised value that prompted their patronage. Therefore, plaintiffs are barred from now demanding a refund of monies paid for such services.

### Fifth Affirmative Defense

Plaintiffs were never led to believe they could claim the amounts spent at defendants' internet cafés as charitable deductions for federal tax purposes. As a result, plaintiffs' expectations, if any, concerning what amounts defendants might later donate to charities is immaterial and insufficient as a matter of law to sustain a claim upon which relief can be granted.

### Sixth Affirmative Defense

Plaintiffs are precluded from seeking equitable relief herein based upon the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiffs' claims are barred under the Voluntary Payment Doctrine.

### Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the relevant statute of limitations.

### Ninth Affirmative Defense

Plaintiffs' claims are subject to the terms of all disclosures, rules, disclaimers, terms and conditions and other disclosures made at or before plaintiffs' patronizing of defendants' internet cafés.

### Tenth Affirmative Defense

At all times material hereto, Defendant Mathis' role with respect to the subject internet café businesses was limited to rendering legal advice as to the proper manner for defendants' conducting their businesses so as to comply with existing law. At all

times material hereto, Defendant Mathis rendered such legal advice in the good faith belief that if the businesses in question were conducted in the manner advised by him, that they were being conducted lawfully within the requirements of both state and federal law.

### Eleventh Affirmative Defense

At no time did Defendant Mathis participate as an owner, operator, officer, director, shareholder, member or other active participant in any of the internet café businesses in question. At no time did Defendant Mathis maintain any business relationship with any of the defendant internet café businesses whereby he received any percentage or other formula portion of the profits thereof. Defendant Mathis' sole compensation for legal services furnished by himself and other members of his law firm was the payment for such legal services on an hourly rate basis upon the rendering of itemized statements comparable to the manner in which attorneys have historically and customarily billed for legal services to business clients in the past. No justiciable issue of fact or law supports any claim that Defendant Mathis conspired with any of the defendants or anyone else to commit a criminal offense.

### Twelfth Affirmative Defense

Defendant Mathis reserves all arguments under rule 23, Federal Rules of Civil Procedure, that the subject action is not properly maintainable as a class action.

## DEFENDANT MATHIS' DEMAND FOR ATTORNEYS' FEES

Defendant Mathis hereby demands his attorneys' fees and costs pursuant to Sections 501.2105 and 501.211(2), Florida Statutes.

## DEFENDANT MATHIS' DEMAND FOR JURY TRIAL

Defendant Mathis demands trial by jury of all issues so triable herein.


**LINDELL & FARSON, P.A.**

J. MICHAEL LINDELL, ESQUIRE – Trial Counsel
Florida Bar No.: 0262226
12276 San Jose Boulevard, Suite 126
Jacksonville, FL  32223
(904) 880-4000
(904) 880-4013 (facsimile)
mlindell@lindellfarson.com
Attorneys for Defendant Mathis


## CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of April, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM-ECF participants:


Attorney