# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

LINDA STEPPS, an individual, LIZA MOSLEY,
an individual, and KATRINA PARKER, an
individual,

        Plaintiffs,

Vs.                         CASE NO.: 3:13-CV-322-25JRK

ALLIED VETERANS OF THE WORLD AND
AFFILIATES, INC.; ALLIED VETERANS
MANAGEMENT GROUP, INC.; INTERNATIONAL
INTERNET TECHNOLOGIES, LLC; GRANT PARK,
LLC; I-N-H MANAGEMENT, CO.; SEASIDE
INTERNET, LLC; COASTAL GAMES, LLC;
BEARCON MANAGEMENT, LLC; M&S
MANAGEMENT SERICES, LLC; MSG BUSINESS
CENTERS, INC.; GAME ADVICE, INC.; LIVE OAK
INTERNET SERVICES, LLC; B&M LEASING &
MANAGEMENT, LLC; GINLIN, LLC; DAVIS
INTERNET MANAGEMENT CO., LLC; BLUE
WATERS TECHNOLOGIES, LLC; INTELITEK, LLC;
BUSINESS CENTER UNLIMITED, INC.; LAKE
CITY INTERNET SERVICES, LLC; SEASIDE
INTERNET-MARION, LLC; INFOVICE, INC.;
B.B.S. MANAGEMENT GROUP, INC.;
HORRY TECHNOLOGIES, LLC; DIGITRAC, INC.;
JAC SWEEPS, LLC; FREE ENTRY CLAY COUNTY,
LLC; MEGJON, LLC; MEDIA ADVICE, INC.;
CAPITAL CITY INTERNET CENTER, INC.;
SEASIDE INTERNET-PUTNAM, LLC; INFOHUB, INC.;
DAVIS INTERNET MANAGEMENT COMPANY, LLC;
GULF INTERNET SERVICES, LLC; KELLY MATHIS, ESQ.;
JERRY BASS; JOHN M. HESSONG; MICHAEL DAVIS;
CHASE EGAN BURNS; KRISTIN BURNS;
JOHNNY E. DUNCAN; and DOEs 1-50.

        Defendants.

_____/

**DEFENDANTS FREE ENTRY CLAY COUNTY, LLC;
B&M LEASING &MANAGEMENT, LLC; M&S MANAGEMENT
SERVICES, LLC; SEASIDE INTERNET, LLC; SEASIDE INTERNET-MARION,
LLC; AND SEASIDE INTERNET-PUTNAM, LLC's CONSENT MOTION FOR
ENLARGEMENT OF TIME TO FILE RESPONSE TO COMPLAINT**

Defendants, Free Entry Clay County, LLC; B&M Leasing & Management, LLC;

M&S Management Services, LLC; Seaside Internet, LLC; Seaside Internet-Marion, LLC;

and Seaside Internet-Putnam, LLC (collectively, "Defendants"), pursuant to Federal Rule

of Civil Procedure 6(b)(1) and Middle District of Florida Local Rule 3.01, respectfully

move for an enlargement of time to respond to Plaintiff's Complaint [D.E. 1], which

enlargement Plaintiffs do not oppose. Defendants set forth the following in support:

## Motion for Enlargement of Time

1. Plaintiffs filed their Complaint on March 26, 2013. [D.E. 1] On April 1,

2013 and April 4, 2013, Plaintiffs served summonses and copies of the Complaint on the

Defendants.

2. Under Federal Rule of Civil Procedure 12(a)(1), those Defendants served

on April 1, 2013 must serve their responses to the Complaint by April 22, 2013, and

those Defendants served on April 4, 2013 must serve their response by April 25, 2013.

3. Defendants recently retained in this matter the undersigned counsel, who

requires additional time to adequately prepare and present Defendants' responses to the

Complaint.

4. Defendants' counsel certifies that he has conferred with Plaintiffs' counsel

in accordance with Local Rule 3.01(g), and Plaintiffs consent to the enlargement of time

through and including May 22, 2013 for Defendants to file their responses to the Complaint.

5.      Accordingly, Defendants respectfully submit that good cause exists to grant a brief enlargement of time to respond to the Complaint, such an extension would not prejudice any party, and they file this motion in good faith and not for purposes of undue delay.

WHEREFORE, Defendants respectfully request this Court enter an order granting an enlargement of time to serve their responses to the Complaint up to and including May 22, 2013.

## Memorandum of Law

In accordance with Middle District of Florida Local Rule 3.01(a), Defendants hereby submit the following memorandum of law in support of their motion:

Under Federal Rule of Civil Procedure 6(b)(1)(A), this Court, "for cause shown," may in its discretion order an extension of time to take or comply with a required act if a request "is made before the expiration of the period originally prescribed." Fed. R. Civ. P. 6(b); Moore v. Potter, 141 Fed. Appx. 803, 807 (11th Cir. 2005); see also 3 Wright & Miller, Federal Practice and Procedure, § 1165 ("Rule 6(b)(1) gives the Court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed …."). When made prior to the expiration of the specified deadline, motions for enlargement of time are to be "liberally permitted, consistent with the admonition of Rule 1 that the Rules are to be construed to secure the just, speedy and

inexpensive determination of every action." <u>Baden vs. Graig-Hallum, Inc.</u>, 115 F.R.D. 582, 585 (D. Minn. 1987).

Here, good cause justifies the requested extension. Defendants seek the extension until May 22, 2013 to permit Defendants adequate time to determine which issues they must raise in their responses and prepare their responses to the Complaint. Granting this motion would allow Defendants to adequately prepare their responses, thus best serving "the just, speedy and inexpensive determination" of this action. Fed. R. Civ. P. 1.

Dated April 22, 2013.

ADAMS AND REESE LLP

Michael D. Lee
Florida Bar No.: 495336
michael.lee@arlaw.com
phyllis.jackson@arlaw.com
servearjacksonville@arlaw.com
501 Riverside Avenue, 7th Floor
Jacksonville, FL 32202
Telephone: 904-355-1700
Facsimile: 904-355-1797

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic notification via the CM/ECF system to Counsel for Plaintiffs, Janine L. Pollack, Esq., Charles Slidders, Esq., Milberg LLP, One Pennsylvania Plaza, 49th Floor, New York, NY  10119, and Norwood S. Wilner, Esq., Richard J. Lantinberg, Esq., The Wilner Firm, 444 East Duval Street, 2nd Floor, Jacksonville, FL  32202.

_____
Attorney