UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LINDA STEPPS, an individual, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED VETERANS OF THE WORLD AND AFFILIATES, INC., et al,<br><br>Defendants. | Case No. 3:13-cv-322-J-25JRK |

**PLAINTIFFS LINDA STEPPS, LIZA MOSLEY AND KATRINA PARKER'S RESPONSE TO DEFENDANT KELLY MATHIS' MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AS TO CLASS ACTION ISSUES**

Plaintiffs Linda Stepps, Liza Mosley, and Katrina Parker (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respond to the motion of Defendant Kelly Mathis for leave to conduct expedited discovery relating to class action issues. For the reasons stated below, the motion should be denied.

### INTRODUCTION

Defendant, by this motion, sought to conduct class discovery on an emergency basis before the parties could engage in their case management meeting. However, the parties have already engaged in their case management meeting and will be filing the Case Management Report on May 16, 2013. Accordingly, the motion is moot and should be denied. Nonetheless, even if Defendant's motion could be construed to request emergency class discovery prior to the entry of the case management scheduling order by the Court, contemplated by Federal Rule of Civil Procedure 16(b), Defendant has offered no sound reason for departing from the ordinary course of litigation to conduct piecemeal and one-sided discovery on class action issues at this

time. In fact, the sole reason Defendant advances for this emergency discovery is that "it is possible, if not likely, that a motion for class certification may be filed before the parties have participated in a case management meeting and prepared the required case management report." Motion at 1. To the contrary, Plaintiffs have informed all Defendants that they intend to file a motion for an adjournment of the deadline to file their motion for class certification given the large number of Defendants and the confiscation by the government of Defendants' documents, as well as the likelihood that many of the Defendants will assert Fifth Amendment privileges due to impending criminal prosecutions. In fact, in the federal warrant issued by the District Court for the Western District of Oklahoma, the government has alleged that Kelly Mathis, Esq. made numerous false public statements. Given these circumstances, it is no surprise that Defendant Mathis is seeking emergency discovery as he knows full well that it will be one-sided discovery solely against the Plaintiffs. Accordingly, for the reasons stated below, Defendant Mathis' motion for expedited discovery should be denied because it is moot and because there are complicating factors relating to discovery that make it more logical and expedient to allow discovery to occur in due course.

I. **Defendant's Motion is Moot**

Defendant's motion should be denied because the fundamental assumptions underlying his argument are plainly wrong. Although Defendant Mathis has prematurely speculated that Plaintiffs' class certification motion may be filed before the parties have held a case management conference and prepared a case management report, this has not happened. Plaintiffs have not moved to certify a class and, in fact, the parties have already held not one, but two, case

management conferences.[1] Presently, the parties are actively working toward preparing the required case management report, in accordance with the Local Rules of this Court, which will be filed on May 16, 2013. Once that report is filed, the Court will hold a hearing so that all the parties can be heard and then the Court will enter the appropriate order to govern the schedule in this case. There is simply no justification to disrupt the normal course of litigation and engage in discovery before the Court has had a chance to enter a scheduling order and before the parties have exchanged initial disclosures. The case should therefore proceed in the ordinary course.

Moreover, Plaintiffs intend to seek an adjournment of Local Rule 4.04(b)'s requirement that a class certification motion be made within ninety (90) days following the filing of the initial complaint, for the reasons described below. Accordingly, Defendant's arguments are meritless and for this reason alone, the motion should be denied.

## II.  Expedited Discovery Is Not Warranted

In addition, expedited discovery is not warranted at this time because there are significant issues in this action that will make the process of conducting discovery much more complicated than Defendant Mathis has led the Court to believe.

There is no question that Plaintiffs will seek to conduct extensive discovery in order to eventually present their motion for class certification and meet the current stringent requirements of Fed. R. Civ. P. 23(a), as set forth in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 564 U.S. __ (2011) and its progeny. Surely Defendant Mathis is not suggesting that Plaintiffs should file

---

[1] In fact, the case management conference was held in two sessions to specifically accommodate Defendant Mathis' defense counsel who had a scheduling conflict that made a single meeting impracticable.

their motion for class certification without the benefit of any discovery. Plaintiffs will need time to obtain access to relevant and necessary documents and communications in order to do so.

Numerous Defendants no longer have in their possession many of the documents that Plaintiffs will seek to obtain through discovery. The three-year investigation into the illegal gambling scheme at the heart of this litigation culminated in federal, local and state law enforcement officials executing search-and-seizure warrants. As reported in the media, federal investigators have seized an extensive list of items including, *inter alia*, computers, computer servers, and business records. *See also* Amended Document by United States of America, *United States of America v. Search Warrant*, No. 5:13-mj-00115-P-1 (W.D. Okla. Mar. 11, 2013), Dkt. No. 3.

In light of the government seizures of the bulk of the relevant and necessary documents and communications, Plaintiffs' discovery of Defendants may be made more difficult. Although Plaintiffs intend to work with government officials to obtain access to relevant documents, and seek additional documents from third parties, this will certainly require additional time. The present circumstances necessitate staying the briefing of class certification until Plaintiffs are able to determine what, if any, documents and items currently in the possession of government authorities may be obtainable. As noted above, Plaintiffs intend to seek an adjournment of Local Rule 4.04(b)'s requirements as to class certification briefing for this very reason.

In addition, it is likely that given the impending criminal prosecutions, many Defendants, including Defendant Mathis, will plead the Fifth Amendment to any substantive questions posed at depositions conducted by Plaintiffs. This will further complicate Plaintiffs' ability to learn the true facts in this case. Given the government's seizure of documents from Defendants and the expected Fifth Amendment pleas, expedited discovery is particularly inappropriate at this time

because any such discovery would be drastically one sided. The burdens of discovery would fall squarely on the Plaintiffs, who would have to go through the expense and effort of being deposed and producing documents while Defendants do not produce any documents or testimony. In short, expedited discovery on class certification issues is premature and simply not in the interest of the orderly and efficient litigation of this action.

Accordingly, Plaintiffs respectfully request that Defendant Mathis' motion for expedited discovery be denied and that discovery be allowed to proceed in the normal course, to be decided by this Court after reviewing the parties' Case Management Report, to be submitted on May 16, 2013, as well as Plaintiffs' planned motion to hold in abeyance their motion for class certification beyond the 90-day requirement.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant Mathis' motion in full and permit the case to proceed in its ordinary course.

Date:   May 6, 2013

        /s/ *Janine Pollack*
Janine Pollack
Pollack@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4710
Fax: (212) 686-0114

Norwood S. Wilner (Fla. Bar No. 222194)
nwilner@wilnerfirm.com
Richard J. Lantinberg (Fla. Bar No. 956708)
rlantinberg@wilnerfirm.com
**THE WILNER FIRM**
444 East Duval Street, 2d Floor
Jacksonville, FL 32202
Tel: (904) 446-9817
Fax: (904) 446-9825

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Janine Pollack
Janine Pollack