UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LINDA STEPPS, an individual, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED VETERANS OF THE WORLD AND AFFILIATES, INC., et al, <br><br> Defendants. | Case No. 3:13-cv-322-J-25JRK |

## PLAINTIFFS LINDA STEPPS, LIZA MOSLEY AND KATRINA PARKER'S MOTION FOR EXTENSION OF TIME TO FILE CLASS CERTIFICATION MOTION

Plaintiffs Linda Stepps, Liza Mosley, and Katrina Parker (collectively, "Plaintiffs"), move this Court, pursuant to Federal Rule of Civil Procedure 6(b)(1) and Rules 1.01(c) and 4.04(b) of the Local Rules of this Court, for an extension of time to file a class certification motion:

1. Local Rule 4.04(b) requires that, unless extended by the Court "for cause shown," Plaintiffs must file a class certification motion within ninety (90) days following the filing of the initial complaint. The initial complaint in this action was filed on March 26, 2013. Accordingly, under the Local Rules, Plaintiffs' class certification motion is presently due on June 24, 2013.

2. Local Rule 4.04(b) also contemplates that the time within which to file a class certification motion may be extended by the Court "for cause shown." Local Rule 1.01(c) grants this Court the authority to "suspend application and enforcement" of any rule, "in whole or in part, in the interests of justice in individual cases by written order." Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the

court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires."

3. By this timely motion, Plaintiffs request an adjournment of the class certification motion for 90 days following the date of the start of discovery, at which time Plaintiffs will submit a status report to the Court and a new deadline for the motion to file class certification can be set by the Court as necessary and appropriate given the state of affairs at that time.

4. As discussed more fully below, Plaintiffs base the present motion for additional time on the large number of Defendants involved in this action and the confiscation by government authorities, as part of the related criminal investigation and proceedings, of many of Defendants' documents. In addition, there is a strong likelihood, if not certainty, that many of the Defendants will assert Fifth Amendment privileges due to impending criminal prosecutions.

5. In light of the government seizures, Plaintiffs' modest request to delay the briefing of class certification is eminently reasonable and will further the orderly and efficient resolution of this civil action.

## MEMORANDUM OF LAW

## ARGUMENT

### I. The Extenuating Circumstances In this Case Constitute Good Cause For Adjourning The Class Certification Briefing

Local Rule 4.04(b) contemplates that motions for class certifications will be filed within ninety (90) days following the filing of the initial complaint unless the time is extended by the Court "for cause shown." Plaintiffs respectfully submit that there is more than adequate cause to extend the time within which to file the class certification motion beyond the 90 days provided for in the Local Rules.

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) demands a rigorous analysis of the Fed. R. Civ. P. 23 requirements in each case. The burden falls on Plaintiffs to demonstrate that an action is suitable for class treatment. *See id.* ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law and fact, etc. . . . [C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.") (emphasis in original). Because a plaintiff must submit more than a "skeletal" motion for class certification, courts, including in this District, routinely grant extensions of time in which to file such a motion for good cause shown. *See, e.g., Lakeland Reg'l Med. Ctr., Inc. v. Astellas US LLC*, No. 8:10-cv-2008-T-33TGW, 2012 U.S. Dist. LEXIS 88053, at *6 (M.D. Fla. June 26, 2012) (granting extension of time to file class certification motion and noting that "the requirements of Rule 23 cannot be satisfied with skeletal, perfunctory motions for class certification").

The present action is a complex Track Three case involving a massive and wide-spread illegal Internet gambling operation, numerous corporate and individual defendants, and a potentially enormous putative Class. An additional complicating factor in this action is that a number of Defendants no longer have in their possession many of the documents that Plaintiffs will seek to obtain through discovery. The criminal investigation into the illegal gambling scheme from which this civil action arises resulted in the seizure of an extensive list of items from many of the Defendants herein, including, *inter alia*, computers, computer servers, and business records. *See, e.g.,* Amended Document by United States of America, *United States of America v. Search Warrant*, No. 5:13-mj-00115-P-1 (W.D. Okla. Mar. 11, 2013), Dkt. No. 3. To

properly conduct discovery and present a class certification motion, Plaintiffs would seek to obtain and review virtually all of the same documents sought by government authorities in the search-and-seizure warrant issued by the District Court for the Western District of Oklahoma. Although Plaintiffs intend to cooperate with government officials to attempt to obtain access to relevant documents, and seek additional documents from third parties, this will certainly require additional time. Therefore, the present circumstances necessitate staying the briefing of class certification until Plaintiffs are able to determine what, if any, documents and items currently in the possession of government authorities may be obtainable. Further, it is expected that many Defendants will assert Fifth Amendment privileges, in light of the related criminal proceedings, thus further inhibiting Plaintiffs' discovery process.

Moreover, under the current law governing class certification, there is significant overlap between class and merits issues in any case and this action is no exception. *See Dukes*, 131 S. Ct. at 2551-52 (recognizing that the Rule 23 analysis on class certification "will entail some overlap with the merits of the plaintiff's underlying claim."). In fact, many of the class issues that Plaintiffs must demonstrate on class certification, such as, for example, whether there are common questions of law and fact among the putative class members and whether the same unlawful conduct was directed at or affected Plaintiffs and other class members, all revolve around Defendants' wrongful actions, *i.e.*, how the illegal gambling scheme in this case operated. Plaintiffs will need to conduct discovery in order to eventually present a strong showing on their motion for class certification and satisfy the requirements of Fed. R. Civ. P. 23, thereby necessitating the short adjournment requested here in order to conduct this discovery.

In fulfilling their obligations under Local Rule 3.01(g) prior to filing the present motion, Plaintiffs expressly inquired whether Defendants were in possession of relevant documents or

whether the government had seized all such documents. With only one exception, not a single one of the Defendants responded to Plaintiffs' inquiry.[1] Accordingly, Plaintiffs can only assume that the government has seized all such documents or the Defendants are unwilling to state whether they have relevant documents in their possession, custody or control.

For all these reasons, in order to afford Plaintiffs the necessary time to attempt to obtain any discovery that may be available to utilize in their motion for class certification, Plaintiffs respectfully submit that their request to adjourn the class certification motion for 90 days following the start of class discovery is eminently reasonable and in the interest of the orderly and efficient resolution of this case and that, at that time, when Plaintiffs submit a status report to the Court, the Court will have sufficient information on which to set an appropriate deadline for the filing of Plaintiffs' motion for class certification.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant an adjournment of Local Rule 4.04(b)'s requirement that a motion to certify a class be filed within 90 days of the filing of the initial complaint, until 90 days following the start of class discovery at which time Plaintiffs will report back to the Court on their efforts to determine the location of and obtain access to necessary and relevant documents and the Court can then set an appropriate deadline for the filing of Plaintiffs' motion for class certification.

## LOCAL RULE 3.01(g) CERTIFICATION

---

[1] The single response Plaintiffs received from any Defendant stated that the Defendant may have some documents but there would likely be an assertion of privilege with respect thereto.

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel certifies that the parties conferred regarding Plaintiffs' Motion for Extension of Time to File Class Certification Motion and Defendants either do not consent to the relief sought in this motion or have no position as to the relief sought.

Respectfully submitted this 15th day of May, 2013.

/s/ Janine Pollack
Janine Pollack
Pollack@whafh.com
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4710
Fax: (212) 686-0114

Norwood S. Wilner
nwilner@wilnerfirm.com
Richard J. Lantinberg
rlantinberg@wilnerfirm.com
THE WILNER FIRM
444 East Duval Street, 2d Floor
Jacksonville, FL 32202
Tel: (904) 446-9817
Fax: (904) 446-9825

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Janine Pollack
Janine Pollack